■ SMITH-COULTER Co., INC., Respondent, v SENTRY INSURANCE, Appellant.—Appeal from (1) an order of the Supreme Court at Special Term, entered December 7, 1978 in Madison County, which granted summary judgment in favor of plaintiff and denied defendant's cross motion for judgment and (2) the judgment entered thereon awarding the plaintiff the sum of $27,595. Order and judgment affirmed, with costs, on the opinion of Zeller, J., at Special Term. Greenblott, Main and Herlihy, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to reverse in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). The essential facts are not in dispute. Plaintiff Smith-Coulter Co., Inc., purchased on December 29, 1976 a farm tractor under an installment payment agreement from Syra-

cuse Farm Supply. The tractor had been manufactured by the White Motor Corporation (White Motor) and financed by the White Motor Credit Corporation (White Credit) to which the installment credit agreement was assigned by the seller. To promote sales, White Credit agreed to waive all finance charges if the balance of the purchase price was paid prior to April 1, 1977, the date finance charges were to commence. Plaintiff paid $4,000 down which left a balance of $27,000 subject to finance charges. Defendant's insurance policy, issued to White Credit, contained the following clause, entitled attachment and termination of coverage: "This insurance is effective at the time of actual execution of, or agreement for the execution of, notes and/or other lien instruments by the purchaser and shall cover continuously thereafter until the interest of the Insured is satisfied." Plaintiff paid the balance of the contract price on March 28, 1977, thus avoiding all interest charges. The tractor was destroyed by fire on April 8, 1977. Plaintiff's demand for payment of the value of the tractor up to the limits of the policy was rejected by defendant. This action was then commenced and both parties moved for summary judgment. Special Term, in granting summary judgment to plaintiff, held that "discharge" of the debt could not be effective without an acceptance of the payment by White Credit with the intent to extinguish the debt. Such an intent must be expressed by "outward acts". Special Term found that White Credit failed to communicate to plaintiff an intent to accept the payment of March 28, 1977 as extinguishing the debt before the tractor was destroyed. The court next concluded that the debt was not discharged until plaintiff received the termination statement from White Credit on April 25, 1977. Special Term erred. The order and judgment should be reversed. The payment of March 28, 1977 extinguished the debt owing by plaintiff to White Credit. Sentry's insurance policy provided that the insurance coverage would terminate when the interest of the insured was satisfied. White Credit was the named insured. White Credit's interest was satisfied upon the payment of March 28, 1977, and the insurance coverage was terminated by its own terms. Any agreement relating to coverage existing between plaintiff and White Credit alone did not alter the insurance contract between Sentry and White Credit. The purchase contract contained an unconditional option running to the purchaser to pay the entire balance due prior to April 1, 1977 and avoid interest charges. The payment of March 28, 1977 fulfilled all the conditions of the option and a binding agreement was then made. Nothing more remained to be done to extinguish the debt. White Credit thereafter had no legal right to the payment of any interest charges (see 1 Williston, Contracts [3d ed], §§ 61B, 61D). This was not a situation where the debtor offered the creditor less than was required to fully satisfy the debt. The payment herein did not constitute a counteroffer which would then have required an acceptance by the creditor to become binding. The order and judgment should be reversed; plaintiff's motion should be denied; and defendant's cross motion should be granted and the complaint dismissed.